UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 93-8047-Cr-Ryskamp/Hopkins

UNITED STATES OF AMERICA,

Plaintiff,

vs.

LARRY GREEN,

Defendant.

_____/



FILED by _____ D.C.

APR 17 2009

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

ORDER AND
REPORT AND RECOMMENDATION

The Defendant, LARRY GREEN, appeared before the Court, represented by counsel, on April 15, 2009, for a final hearing on violation of supervised release. The Defendant was initially convicted of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), 924(a)(2), and 924(e)(1). The Defendant was sentenced to one hundred and eighty (180) months imprisonment, followed by a three (3) year term of supervised release. The Defendant commenced supervised release on June 22, 2006.

The Defendant is now charged with violating his supervised release by: (1) unlawfully possessing cocaine with intent to sell, in violation of Florida Statute § 893.13; (2) unlawfully possessing marijuana with intent to sell, in violation of Florida Statute § 893.13; and (3) committing the offense of suspicious loitering, in violation of a Municipal Ordinance. The Government stated that it will not proceed on violation number 3.

1

As to violation numbers 1 and 2, the Government stated that it will proceed only on the lesser included offenses of possessing cocaine and marijuana, not with intent to sell. As grounds, the Government proffered that, while Boynton Beach police officers recovered individually packaged baggies of marijuana and cocaine that the Defendant dropped on the ground during his apprehension by police, the individually packaged drugs could have been either packaged and available for sale or just purchased. The Government contends that this shows the Defendant may not have possessed the drugs "with intent to sell." Additionally, the Government noted that because the state law enforcement agencies working the case were in the best position to evaluate the circumstances surrounding the offenses and because the state charges were later downgraded, the federal government deems it appropriate to adopt the state's approach and downgrade violations 1 and 2 to the lesser included offenses. The Defendant admits to the lesser included offenses of violations 1 and 2, and wishes to proceed to sentencing as soon as possible.

Based on the foregoing, this Court RECOMMENDS that the District Court accept the Defendant's admissions to the lesser included offenses of violations 1 and 2 described above. This Court further recommends that the matter be set down for sentencing before the District Court.

The Clerk is ORDERED to set this matter before the sentencing calendar of the Honorable United States District Judge Kenneth L. Ryskamp.

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable United States District Judge Kenneth L. Ryskamp, within ten (10) days after being served with a copy. See 28 U.S.C. § 636(b)(1)(C). Failure to file timely objections may limit the scope of appellate review of factual findings contained herein. See United States v. Warren, 687 F.2d 347, 348 (11th Cir.1982), cert. denied, 460 U.S. 1087 (1983).

2

DONE and ORDERED and DONE and SUBMITTED in Chambers at West Palm Beach in

the Southern District of Florida, this _14_ day of April, 2009.

ANN E. VITUNAC
UNITED STATES MAGISTRATE JUDGE

Copies to:
Honorable Kenneth L. Ryskamp
AUSA Kerry Baron
AFPD Peter Birch
U.S. Marshal
U.S. Probation Officer Peter Williams